AO 472  (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

V.

ANTHONY M. BARNES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 14-30471-01

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 16, 2014 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
|  | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
|  | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

14-30471 USA v Anthony M. Barnes Order of Detention

This is a presumption case. Defendant was arrested in the Eastern District of Michigan on September 13, 2014 in connection with a federal arrest warrant issued in the Southern District of West Virginia based upon an Indictment. Defendant is charged in West Virginia with Possession With Intent to Distribute Heroin.

Defendant is a 38 year old single male with a lifelong history in the Eastern District of Michigan. He lives in the house he was raised in as a child with his uncle, Mr. Williams. Defendant has a sporadic employment history and states that he is now supported by his family receiving $50 a month from his uncle. He was incarcerated with the MDOC on and off from 2002-2012, which accounts for his lack of employment history.

Defendant seeks a bond with third party custody and a tether. The government argues for detention on the bases of danger and flight.

On 4/8/2014 a search was executed at a residence where Defendant was found in a middle bedroom with 18 grams of heroin in his possession, which he was attempting to destroy. In the next bedroom 122 grams of heroin were recovered.

Defendant has five prior felony convictions, all involving either drugs, guns, or both. The felony convictions span the following years: 1995 (CCW), 1995 (Felony Weapons). Defendant plead guilty to VIOLATION OF PROBATION and was sentenced to an additional year of probation. In 1999 Defendant was found guilty of Felony Weapons Firearm Possession by Felon and Misdemeanor Domestic Violence. He was sentenced to two years probation. On 6/19/2001 Defendant plead guilty to VIOLATION OF PROBATION and on 7/3/2001 he was discharged from probation without improvement. On 7/03/2001 Defendant was convicted of Controlled Substances Possession, and was sentenced to two years probation. On 8/30/2001 a warrant issued for VIOLATION OF PROBATION. Probation was closed without improvement.

On 8.28.2001 Defendant plead guilty to Felony Controlled Substance (Heroin, Cocaine) andn ws sentenced to 1 -20 years Michigan Department of Corrections. He was returned to prison, according to his own statement, in 2003, 2004 and 2007 for VIOLATIONS OF PROBATION. He was last paroled on 1/19/2012. On 3/13/2007 Defendant plead guilty to Felony Controlled Substance Possession (Cocaine, Heroin) and was found guilty of VIOLATION OF PROBATION. He was discharged from probation without improvement.

Of interest is the fact that the instant charges were initially brought as state charges in Huntington, West Virginia. Defendant was given bond and on 4/8/2014 he was released and signed a Waiver of Extradition allowing him to return to Michigan during the pendency of his West Virginia case.

However, while on bond, Defendant then picked up two criminal cases in Detroit, on both of which he has been bond over following a probable cause determination.

On 5/20/2014 Defendant was charged with Assaulting/Resisting Arrest and was bound over to the Wayne County Circuit Court on 9/9/2014. Defendant is scheduled for arraignment in that case on 9/23/2014.

Then three months later Defendant was charged in another case in Detroit with Felony Weapons Firearms, Possession by Felon, CCW and Felony Weapons Felony Firearm, and arraignment on that case is scheduled for 9/16/2014. Defendant is on bond in that case as well.

Pretrial Services has interviewed the Defendant and concludes that he poses a danger to the community. This Court finds that a preponderance of the evidence does establish Defendant as a risk of flight, mainly because he has violated his conditions of supervised release on each and every occasion that he has been on bond or probation. He simply has failed to be compliant in every instance that he has been under court ordered supervision. Furthermore this Court finds that there is clear and convincing evidence that Defendant poses a danger to the community, based upon his longstanding and unabated history of prior arrests and no less than five felony convictions, which include violent behavior, criminal activity while under supervision, supervision non-compliance, a history of weapons possession, a pattern of similar criminal activity history, as well as three currently active state felony cases for which the Defendant remains on bond at this time.

The presumption of detention has not been rebutted. There is no condition or combination of conditions which would assure the safety of the community or Defendant's appearance in court. Therefore Detention is Ordered.